UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
(Charlotte)

| | |
|---|---|
| QUAIL RIDGE NC, LLC, a<br>North Carolina limited liability company,<br>Plaintiff<br><br>vs.<br><br>EMMANUEL MEMINGER, a resident of<br>South Carolina | Case No._____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED<br><br>[28 USC 1332] |

**COMES NOW** Plaintiff, Quail Ridge NC, LLC (hereinafter "Plaintiff"), by and through undersigned counsel, Stephanie Cooper, Esq. and complains and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Quail Ridge NC, LLC (hereinafter "Quail") is a North Carolina limited liability company with its principal place of business in Catawba County, North Carolina.

2. Upon information and belief, Emmanuel Meminger (hereinafter "Meminger") is a citizen and resident of Richland County, South Carolina. Mr. Meminger is the owner of a sole proprietorship which operates under the business name of Pinnacle Services. The Defendant purposefully availed himself to the jurisdiction of North Carolina by contracting with Plaintiff to perform work in Catawba County, North Carolina and pulling permits in Catawba County despite being unlicensed in North Carolina. The amount in controversy is an amount in excess of $75,000.00.

3. The Court has subject matter jurisdiction over the claims asserted in this Complaint and has personal jurisdiction over the parties.

4. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

5. In June 2023, the Plaintiff, which operates an apartment building at 333 and 337 10th Avenue NE, Hickory, NC 28601 (the "Property") was notified that there were issues with five staircases and catwalks that led to the units on the second and third floor causing the Plaintiff to have to rehouse tenants in alternative housing who were previously located on the second floor.

6. Plaintiff's principal contacted Emmanuel Meminger with Pinnacle Services who had assisted as a contractor on multifamily properties in South Carolina.

7. On or about June 20, 2023, Emmanuel Meminger provided a quote for $155,000 for three "full turnkey" staircases for the demolition of three steel structure staircases and the replacement of the staircases along with catwalk repairs and sandblasting the staircases and catwalks for a total job cost. He also provided one quote for half of that amount for the deposit of $77,500.00. (See Exhibit 1)

8. On or about June 30, 2023, Emmanuel Meminger requested that a deposit of $77,500.00 be electronically transferred to him for the work required.

9. On August 23, 2023, the Plaintiff contacted the fabricator, Jack, with 413 WELDING AND FABRICATION, LLC who had been manufacturing the staircases for the project asking for the details on the fabrication and was informed that he was paid $17,500 by Meminger. To date, no staircases have been provided.

10. Meminger's Facebook page for Pinnacle Services stated, among other things, that Pinnacle was fully licensed and insured to perform commercial and residential work. The pictures on the website include concrete and asphalt, shower, tub and appliance installation, painting & drywall, deck and dock coating, frame and structural restoration, and pressure washing (See Exhibit 2).

11. Meminger's Facebook page named Mr. Meminger as the Owner and Operator who is licensed and insured.

12. Meminger's Facebook page also states that the name of the business is Pinnacle Services, LLC but there has been no limited liability company found under that name related to Meminger in North Carolina or South Carolina.

13. Upon information and belief, Meminger did apply as a contractor for the permits for the demolition with Catawba County Building Services on or about June 28th, 2023, under permit number BLDC-06-2023-199017 listing Pinnacle Services as the contractor and a value for the demolition of $10,000.00. (See Exhibit 3)

14. Prior to the transaction involving the real property of the Plaintiffs located at 333 10th Avenue NE, Hickory, NC 28601, Defendant had acted as a contractor for Plaintiff's principals' other multifamily properties and residential properties in South Carolina including clearing and leveling land in Newberry, South Carolina

15. In the contract for the clearing and leveling of land in Newberry, South Carolina, the Defendant signed a contract which stated he was a licensed contractor. (See Exhibit 4).

16. In a contract for work at Spring Gardens Apartments which was located in South Carolina for a related entity of the Plaintiffs, the Defendant contracted as a "licensed contractor" (See Exhibit 5).

17. Upon information and belief, Meminger has never held a General Contractor's license of any kind pursuant to Chapter 87 of the North Carolina General Statutes.

18. Upon information and belief, Meminger has never held a General Contractor's license of any kind pursuant to Chapter 11, Section 40-11-30 of the South Carolina General Statutes.

19. With tenants displaced and costs mounting, the Plaintiff asked for updates on the delays in getting the staircases and catwalks replaced and kept receiving excuses.

20. The Defendant allegedly contracted with engineers and fabricators in order to complete the project.

21. Based on information and belief, Defendant was trying to subcontract out the work in July and was provided the cost of $100,112.00 for the materials and erection would be a separate cost.

22. Throughout the period, the Plaintiff was requesting updates and informing the Defendant that the Plaintiff was paying up to $2,500.00 per day for the tenants to stay in hotels pending the completion of the work on the Property.

23. By September 2023, three months after the tenants had been displaced, the Plaintiff notified the Defendant that they needed all information on the project, insurance information, and licensing information.

24. The Defendant failed to produce any explanation of where the $77,500.00 was used, what remained of the $77,500.00 and any proof of licensure, insurance or any usable information on what had been done to cure the issue on the Property.

25. The two receipts for permits were for $75.00 each. The Defendant alleges that he had a deposit with "erectors" who were not named.

26. A deposit was allegedly provided to Jack Johnson to fabricate the steel but on or about August 24th, 2023, Mr. Johnson stated that he wasn't doing anything until the Plaintiff and Defendant worked out their differences. Based on information and belief, 413 WELDING AND FABRICATION, LLC is still holding the deposits made by Meminger.

27. Defendant was terminated from the job but has failed to account for the $77,500.00 and has failed to release the funds to be used for the required repairs.

## FIRST CLAIM FOR RELIEF
**Unfair and Deceptive Trade Practices**
(Meminger)

28. The allegations in Paragraphs 1 through 27 are hereby realleged and incorporated by reference.

29. As stated herein, Meminger's website represented that it was "fully licensed", an LLC, had insurance, and could perform structural repair work.

30. As stated herein, Meminger personally represented to the principals of Plaintiff that he and/or his company, Pinnacle Services, held the necessary licenses to make repairs and improvements to the Property.

31. As stated herein upon information and belief, neither Meminger nor Pinnacle Services have ever held a general contractor's license pursuant to Chapter 87 of the North Carolina General Statutes.

32. Despite his awareness of the tenant's situations of being displaced and the need to expedite this project, the extent of the project costs and the performance of structural work on the staircases and catwalks, Meminger represented that he was a contractor to Catawba County and applied only for demolition permits and not for any other permits that were required for the structural and engineer managed work for fabrication and erection of staircases on a multilevel multifamily building.

33. Meminger's lack of licensure, lack of knowledge, and disinformation caused delays in the completion of the repairs and improvements to the Property.

34. Meminger unfairly avoided contractor licensing requirements by making false representations about licensure on prior projects for the principals of the Plaintiff as well as governmental authorities.

35. The amount of the contracted for work exceeded $30,000 and required licensure.

36. Meminger unfairly used the delays to fail to account for the deposit and demand additional monies.

37. Meminger unfairly demanded payment and took funds that were not due to him as an unlicensed contractor who failed to perform the responsibilities for which he contracted.

38. Meminger unfairly exercised his power in the parties' transaction by making agreements with local fabricators, informing the engineers and fabricators about ongoing disputes between him and the Plaintiffs which resulted in further delays.

39. Meminger's unfair and deceptive acts were in or affecting commerce because he was engaged in the business of contracting of a structural nature without a license in a state where he did not live or regularly work.

40. As a result of misrepresentations about his licenses and permits, the Plaintiffs were further delayed and the tenants were permanently displaced.

41. As a result of Meminger's misrepresentations about his licenses and permits, Plaintiff paid him for work that he was not legally permitted to perform.

42. Plaintiff requests that this Court award them damages in an amount to be determined at trial.

43. Pursuant to N.C.G.S. § 75-16, Plaintiff requests that this Court treble the amount of damages awarded to them under this Claim for Relief.

44. Pursuant to N.C.G.S. § 75-16.1, Plaintiff requests that this Court award it reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
### Fraud
### (Meminger)

45. The allegations in Paragraphs 1 through 44 are hereby realleged and incorporated by reference.

46. As stated herein, Meminger's website represented that it was "fully licensed and insured"

47. As stated herein, Meminger personally represented to Plaintiff and Plaintiff's principals and affiliates that he and/or Pinnacle held the necessary licenses to make repairs and improvements to the Property.

48. As stated herein upon information and belief, neither Meminger nor his company, Pinnacle Services have ever held a general contractor's license pursuant to Chapter 87 of the North Carolina General Statutes.

49. Memingers' representations were reasonably calculated to deceive Plaintiff.

50. Meminger made his representation about his licensure with the intent to deceive Plaintiff.

51. Plaintiff reasonably relied on Meminger's representations about licensure when they contracted with Meminger to make repairs and improvements to the Property.

52. As a result of Plaintiff's reliance on Meminger's false representations, Plaintiff has paid him for work that was not performed and for materials that were not received.

53. Plaintiff requests that the Court award it damages in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### Breach of Contract
### (Meminger)

54. The allegations in Paragraphs 1 through 53 are hereby realleged and incorporated by reference.

55. Plaintiff and Defendant entered a binding Contract for the performance of repairs and improvements to the Property's staircase and catwalks for which a deposit of $77,500.00 was paid by Plaintiffs and the total cost was to be $126,400.00.

56. Defendant did not complete the work it was obligated to perform under the Contract.

57. As a result of Defendant's failure to perform, Plaintiff was required to hire other contractors to complete the work contemplated under the Contract.

58. As a result of Defendant's failure to perform, Plaintiff incurred additional costs to tenants and was subjected to penalties.

59. Plaintiff requests that this Court award compensatory damages in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### Punitive Damages
### (Meminger)

60. The allegations in Paragraphs 1 through 59 are hereby realleged and reincorporated by reference.

61. As stated herein, Meminger made fraudulent misrepresentations of his licensing status to Plaintiff.

62. As stated herein, Meminger caused delays by denying the necessity of legally required permits, failing to be licensed, failing to properly contract with parties anticipated to resolve the situation at the Property, interfering with the relationships between engineers, suppliers, fabricators and Plaintiff and unjustly using the delay as an excuse to withhold information and money for deposits that were necessary to repair the Property and obtain safety requirements.

63. Meminger contracted for over $30,000 of work and represented that he was licensed to the Plaintiff as well as to governmental authorities in a project involving structural elements where the safety of tenants in a multifamily dwelling were involved.

64. As stated herein, Meminger intentionally concealed his failure to follow applicable licensing law, failed to be insured as a contractor, failed to properly permit or contract and took over $30,0000 for which he has not accounted nor returned.

65. Based on information and belief, Meminger retaliated against Plaintiff for exercising his right to terminate the Contract by harassing and maligning Plaintiff to suppliers, contractors, and government authorities.

66. Meminger's false representations in South Carolina to the affiliated principal on other properties indicates that misrepresenting licensing status, project costs, and permitting compliance are a pattern and practice of Meminger.

67. Meminger's acts were fraudulent and malicious.

68. Plaintiff requests that this Court award it punitive damages in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1. For Plaintiff to have and recover Judgment against Defendants in an amount to be determined at trial;
2. For Plaintiff to be awarded punitive damages against Defendant, Meminger;
3. For costs of this action to be taxed against Defendants, including reasonable attorneys' fees; and,
4. For Plaintiff to be awarded any and all further relief this Court deems just and proper.

Respectfully submitted this the 12th day of January 2024

THE COOPER LEGAL FIRM, PC

/s/ Stephanie L. Cooper
_____

Stephanie Cooper, Esq
The Cooper Legal Firm PC
5620 Concord Parkway S
Suite 103
Concord, NC 28027
(704) 940-3236
(704) 940-3235 Facsimile
sc@cooperlegalfirm.com
*Attorneys for Plaintiff.*